IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **P.E., a Minor Child, by and through his parents and next friends, Mark English and Becky English,**<br><br>**Plaintiff**<br><br>vs.<br><br>**JERMAINE PREYAN, a/k/a MACK MAINE; YOUNG MONEY ENTERTAINMENT, LLC; CASH MONEY RECORDS, INC.; BRYAN WILLIAMS, a/k/a BIRDMAN a/k/a STUNNA; THE HITTMAKERZ,**<br><br>**Defendants.** | 15-CV-231-TBR<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, P.E., a minor child, by and through his next friends and parents Mark English and Becky English, by their attorneys, Winters, Brewster, Crosby and Schafer LLC, and for this First Amended Complaint herein states as follows:

This is an action for compensatory, special and punitive damages arising out of the unlawful and intentional posting on the internet and elsewhere, a photograph and false depiction, without his knowledge or consent.

**THE PARTIES**

1. Mark and Becky English are the natural parents of P.E., a minor child, and presently reside in Almo, Calloway County, Kentucky.

2. P.E. was and is at all times relevant a minor child, currently seventeen (17) years old.

3. Defendant, Jermaine Preyan a/k/a Mack Maine ("Jermaine"), is a hip hop artist whose residence is uncertain.

4. Defendant Bryan Williams, is the founder and President of Cash Money Records, Inc. who currently resides in Miami, Florida.

5. Defendant Cash Money Records, Inc. is a corporation whose principal place of business is Miami, Florida and state of incorporation is New Orleans, Louisiana and it is believed to be the parent or umbrella corporation to imprint Young Money Entertainment.

6. Young Money Entertainment is a corporation whose principal place of business is New Orleans, Louisiana and state of incorporation is Delaware.

7. Hittmakerz are a production team.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §1331, jurisdiction is proper based upon federal question under the Lanham Act, 15 U.S.C. 1225.

9. Pursuant to 28 U.S.C. §1332, jurisdiction is also proper based on diversity jurisdiction. The parties are from different states and the amount in controversy exceeds the jurisdictional amount of $75,000.00.

10. A substantial part of the events giving rise to this claim occurred in Calloway County, Kentucky.

## FACTUAL AVERMENTS

11. On February 5, 2014, a Texas court sentenced Ethan Couch, who operated a motor vehicle while intoxicated and caused an automobile accident killing four people and injuring two, to go to a lock-down residential treatment facility and receive no jail time.

12. Subsequent to that, many media outlets began covering this incident with a great detail.

13. Ethan Couch was universally portrayed by the media as an over-privileged, spoiled, son of rich parents with a sense of entitlement that gave him a license to act with reckless disregard for the safety of those around him.

14. At some point, Jermaine Preyan recorded a song entitled "Ethan Couch" which was produced by Hittmakerz.

15. Preyan, or those acting on his behalf, acquired the photograph of P.E. and displaced P.E.'s likeness on the album cover for his single "Ethan Couch."

16. Thereafter, P.E.'s photo was misappropriated from a social media website and was subsequently edited and used for both commercial and personal purposes.

17. Preyan did not seek permission to use P.E.'s likeness, nor did P.E., or anyone acting on his behalf, give permission for the use of his likeness to Defendants

18. Preyan, by and through his agents, uploaded "Ethan Couch," in combination with the likeness of P.E. and the lyrics (see **Exhibit A** attached hereto) to various internet sites to be downloaded and listened to.

19. The song "Ethan Couch" and the lyrics thereto were uploaded with the album cover with the misappropriated likeness of P.E.(see **Exhibit B** attached hereto) purporting to be Ethan Couch.

20. Along with the single and photograph, Bryan Williams, Jermaine Preyan, and Young Money Entertainment included a description of the felonious background of Ethan Couch while falsely attributing them to the minor person (P.E.) in the photograph.

21. P.E. has no relationship whatsoever with Ethan Couch and P.E. is a stranger to Preyan, and any of the other Defendant's herein.

22. After releasing the song "Ethan Couch" with a picture of P.E., various other websites owned and operated by Bryan Williams, Young Money Entertainment, LLC, and Cash Money Records, Inc. also released the single which included various descriptions of the idea behind this song and an explanation of who Ethan Couch is.

23. Defendants' publication of the likeness of P.E., that included an explanation of Ethan Couch, induced others to believe that P.E. was Ethan Couch.

24. On June 25, 2014, a friend of P.E. commented to him that his photograph was on an album cover. Thereafter, numerous people became aware of the photograph and brought it to P.E.'s attention.

25. Said photo and song, together with the album cover and false identification of P.E. being the one who committed heinous acts, remains readily available for viewing by the general public.

26. Defendants' unlawful appropriation and internet dissemination of P.E.'s likeness as that of Ethan Couch has not been mitigated by Defendants. An internet search for "Ethan Couch" yields several images of P.E., including the image that was used by the Defendants for the "Ethan Couch" album cover. The image is attached as **Exhibit C**.

27. Given the nature of the song, the lyrics, phrases, words, and overall content, together with the heinous crimes associated with the underlying individual, Ethan Couch, Defendants' use of the likeness of P.E. has caused and will continue to cause both P.E. and his family embarrassment, humiliation and emotional distress.

28. Plaintiff made written demands for retraction to the defendants prior to commencing this action.

29. Upon information and belief, Defendants herein have profited from the use of P.E.'s likeness.

30. Young Money Entertainment, on their commercial website and online store, at www.youngmoney.com, did post said album, cover and lyrics for viewing and listening by citizens of the State of Kentucky.

31. Said site invites users to join, log in and sign up.

32. Said site is directed and designed to attract users, viewers, and consumer/buyers and allows defendants to avail themselves of retail business transactions with residents of Kentucky.

33. Said site where the album cover and photo is displayed, regularly and consistently, expressly exists for the purpose of transacting business over the internet and soliciting and reaching customers, including those residing in Kentucky, actively soliciting same.

34. Said postings were in fact viewed by residents of Kentucky and continue to be so advertised and viewed.

35. Defendants posted the song "Ethan Couch" to the website as a way to promote upcoming albums and events, thereby profiting off of the public, including the residents of Kentucky.

## COUNT I
## INVASION OF PRIVACY: FALSE LIGHT

36. The averments contained in the numerical paragraphs above are incorporated to this count as if set forth fully herein.

37. Defendants invaded P.E.'s privacy by placing P.E. in a false light.

38. Defendants made a public and false disclosure of and about P.E..

39. Said disclosure was false and portrayed P.E. IN a false light.

40. The false light in which P.E. WAS placed was highly offensive and would be highly offensive to any reasonable person.

41. Defendants acted negligently and/or in reckless disregard in failing to learn whether the publicized fact placed P.E. IN a false light.

42. P.E. suffered harm to his privacy resulting from the invasion, as well as the mental distress, and special damages.

43. As a result of Defendants wrongful acts, P.E. suffered loss of repute in the community, loss of past and future business opportunities, and the loss of future earning capacity.

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief:

a. Judgment against Defendants in an amount that will fairly compensate him for his injuries;

b. Special damages due to Plaintiff's age and complete innocence;

c. Punitive damages in an amount sufficient to deter similar conduct in the future and punish Defendants for their willful, wanton, reckless and unlawful conduct;

d. Prejudgment and post-judgment interest according to law; and

  e.  All other relief at law or equity to which Plaintiff may now or hereafter appear entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**.

        WINTERS, BREWSTER, CROSBY and SCHAFER LLC

    BY:  <u>s/Jay Schafer</u>
        Paul J. Schafer
        Attorneys for Plaintiff
        ARDC No. 6226013

## COUNT II
## INVASION OF PRIVACY: COMMERCIAL APPROPRIATION

44.  The averments contained in the numerical paragraphs above are incorporated to this count as if set forth fully herein.

45.  Defendants have regularly and repeatedly used, and continue to use, the likenesses of P.E. for commercial purposes, including the marketing, advertising, selling and soliciting the purchase of goods and services.

46.  In the alternative, Defendants made use of Plaintiff's likeness for their own purposes and benefit.

47.  P.E. has sustained and will continue to sustain economic damages for loss of advertising revenue as a result of the unauthorized, commercial use of his likeness.

48.  Defendants have received gross revenue and profits from, and attributable to, their unauthorized use of the likeness of P.E.

49. Defendants' actions toward P.E. constitute oppression, fraud, or malice and were made with reckless disregard for the well-being of P.E..

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief:

a. Judgment against Defendants in an amount that will fairly compensate him for his injuries;

b. Special damages due to Plaintiff's age and complete innocence;

c. Punitive damages in an amount sufficient to deter similar conduct in the future and punish Defendants for their willful, wanton, reckless and unlawful conduct;

d. Prejudgment and post-judgment interest according to law; and

e. All other relief at law or equity to which Plaintiff may now or hereafter appear entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**

WINTERS, BREWSTER, CROSBY and SCHAFER LLC


BY: s/Jay Schafer
Paul J. Schafer
Attorneys for Plaintiff
ARDC No. 6226013

**COUNT III**
**DEFAMATION**

50. The averments contained in the numerical paragraphs above are incorporated to this count as if set forth fully herein.

51. Defendants made, by virtue of their numerous negligent publications, false and defamatory statements concerning P.E.

8

52. Defendants made statements that have brought, and continue to bring, Plaintiff into public hatred, contempt or ridicule, cause him to be shunned and avoided, and will injure him in his business or occupation.

53. Defendants' statements concerning Plaintiff tend to harm Plaintiff's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief:

a. Judgment against Defendants in an amount that will fairly compensate him for his injuries;

b. Special damages due to Plaintiff's age and complete innocence;

c. Punitive damages in an amount sufficient to deter similar conduct in the future and punish Defendants for their willful, wanton, reckless and unlawful conduct;

d. Prejudgment and post-judgment interest according to law; and

e. All other relief at law or equity to which Plaintiff may now or hereafter appear entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**.

WINTERS, BREWSTER, CROSBY and SCHAFER LLC

BY:   s/Jay Schafer
       Paul J. Schafer
       Attorneys for Plaintiff
       ARDC No. 6226013

### COUNT IV
### OUTRAGEOUS CONDUCT

54. The averments contained in the numerical paragraphs above are incorporated to this count as if set forth fully herein.

55. Defendants engaged in the intentional, extreme and outrageous conduct in acquiring the photograph without the knowledge or consent of P.E. or his parents. The photograph was then edited and posted by Defendants on their website, as well as other websites, along with a brief description of what P.E. was incorrectly accused of, and, upon information and belief, viewed by thousands. Defendants' conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

56. Defendants acted with intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that their actions would cause severe emotional distress.

57. As a direct and proximate result of Defendants' conduct, P.E. suffered severe emotional distress.

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief:

a. Judgment against Defendants in an amount that will fairly compensate him for his injuries;

b. Special damages due to Plaintiff's age and complete innocence;

c. Punitive damages in an amount sufficient to deter similar conduct in the future and punish Defendants for their willful, wanton, reckless and unlawful conduct;

d. Prejudgment and post-judgment interest according to law; and

e. All other relief at law or equity to which Plaintiff may now or hereafter appear entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**.

WINTERS, BREWSTER, CROSBY and SCHAFER LLC

BY: s/Jay Schafer
Paul J. Schafer
Attorneys for Plaintiff
ARDC No. 6226013

## COUNT V
## UNJUST ENRICHMENT

58. The averment contained in the numerical paragraphs above are incorporated to this count as if set forth fully herein.

59. The benefit of the Plaintiff's likeness, image and persona was conferred on the defendant at the Plaintiff's expense. Defendant appreciated and retained all benefits of Plaintiff's likeness and image without payment to Plaintiff.

60. As a consequence of Defendants' actions, Plaintiffs have been denied from Defendants any financial compensation in connection with the use of Plaintiff's likeness and persona.

61. Defendants have gained pecuniary benefit and have been unjustly enriched by their unauthorized use of P.E.'s image, likeness and persona, whereas Plaintiff has received no compensation. The circumstances are such that equity and good conscience require the Defendants to jointly and severally make restitution in a amount to be proven at trial.

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief:

a. Judgment against Defendants in an amount that will fairly compensate him for his injuries;

b. Special damages due to Plaintiff's age and complete innocence;

c. Punitive damages in an amount sufficient to deter similar conduct in the future and punish Defendants for their willful, wanton, reckless and unlawful conduct;

d. Prejudgment and post-judgment interest according to law; and

e. All other relief at law or equity to which Plaintiff may now or hereafter appear entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**.

WINTERS, BREWSTER, CROSBY and SCHAFER LLC


BY: s/Jay Schafer
Paul J. Schafer
Attorneys for Plaintiff
ARDC No. 6226013

## COUNT VI
## LANHAM ACT 15 U.S.C. 1225

62. The averment contained in the numerical paragraphs above are incorporated to this count as if set forth fully herein.

63. Defendants' have, without authorization and for their own commercial purposes, used Plaintiff's likeness with the promotion and offering for sale of their own products in interstate commerce.

64. Defendants' unauthorized false representation and use of Plaintiff's likeness is likely to cause confusion among consumers regarding Plaintiff's endorsement of Defendants' product, and have caused consumers to believe, incorrectly, that Plaintiff is Ethan Couch of Texas, and/or that P.E. was guilty of the conduct attributed to Ethan Couch.

12

65. Defendants' actions have caused Plaintiff damage, and thus Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, which may be trebled, as well as costs of the action pursuant to 15 U.S.C 1117(a).

66. Defendants' unlawful and willful conduct renders this case an exception case, further entitling Plaintiff to recover its reasonable attorneys' fees pursuant to 15 U.S.C. 1117.

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief:

a. Judgment against Defendants in an amount that will fairly compensate him for his injuries;

b. Special damages due to Plaintiff's age and complete innocence;

c. Punitive damages in an amount sufficient to deter similar conduct in the future and punish Defendants for their willful, wanton, reckless and unlawful conduct;

d. A reasonable fee for his attorneys;

e. Prejudgment and post-judgment interest according to law; and

f. All other relief at law or equity to which Plaintiff may now or hereafter appear entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**.

WINTERS, BREWSTER, CROSBY and SCHAFER LLC

BY:   s/Jay Schafer
      Paul J. Schafer
      Attorneys for Plaintiff
      ARDC No. 6226013